IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JEFFERY J. MARKSMEIER,** | ) | **CASE NO. 8:09CV30** |
| **Plaintiff,** | ) | |
| v. | ) | |
| **RANDY DALE DAVIE, individually and in his official capacity as police officer of the City of Wisner, Nebraska; MARK DELMONT, individually and in his official capacity as Cuming County Nebraska Deputy Sheriff; and LONNIE SCHULTZ, individually and in his capacity as police chief of the Village of Beemer, Nebraska,** | ) | **ORDER** |
| **Defendants.** | ) | |

This matter is before the Court on the Plaintiff's Rule 56(f) Motion ("Motion") (Filing No. 23) filed in response to Defendant Delmont's (Filing No. 11) and Defendant Davie's (Filing No. 20) respective Motions for Summary Judgment. After reviewing the Motion (Filing No. 23), the affidavit filed in support of the Motion (Filing No. 24), and the Objection to Plaintiff's Motion for Enlargement of Time filed by Defendant Delmont (Filing No. 27), the Court finds that the Motion should be denied.

Federal Rule of Civil Procedure 56(f) states that a court may deny a motion for summary judgment or order a continuance in the event that the "party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. Pro. 56(f). The reviewing Court will only grant a Rule 56(f) motion when the movant has affirmatively demonstrated "what facts further discovery might uncover." *Ballard v. Heineman*, 548 F.3d 1132, 1137 (8th Cir. 2008)

(citing *Nolan v. Thompson*, 521 F.3d 983, 986 (8th Cir. 2008)).  A Rule 56(f) motion must state why a continuance is appropriate and how, specifically, a continuance will enable the moving party to respond to the motion for summary judgment, *Janis v. Biesheuvel*, 428 F.3d 795, 801 (8th Cir. 2005) (quoting *Willmar Poultry Co. v. Morton-Norwich Products, Inc.*, 520 F.2d 289, 297 (8th Cir. 1975)), and "[a] conclusory statement that some useful evidence could possibly be found is insufficient" to justify granting a Rule 56(f) continuance, *Nat'l Bank of Commerce of El Dorado, Arkansas v. Dow Chemical*, 165 F.3d 602, 606 (8th Cir. 1999) (citing *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 280 (8th Cir. 1988)).

While it is true that summary judgment is only proper when the evidence, viewed in the light most favorable to the nonmoving party, "show[s] that there is no genuine issue as to any material fact . . . ," Fed. R. Civ. P. 56(c); *see also Ballard v. Heineman*, 548 F.3d 1132, 1135 (8th Cir. 2008) (citing *Russell v. Hennepin County*, 420 F.3d 841, (8th Cir. 2005)), in the present case, the allegations in Plaintiff's Rule 56(f) Motion do not support the conclusion that a ruling on summary judgment would not be proper at this time, or that a response to a motion for summary judgment could not be made at this time.  That is, the Plaintiff has not demonstrated what facts, necessary to establish a genuine issue of material fact, further discovery might unveil.  Consequently, the Motion is denied.

Accordingly,

IT IS SO ORDERED:

1.	Plaintiff Jeffery J. Marksmeier's Rule 56(f) Motion (Filing No. 23) is denied;

2. Plaintiff shall respond to Defendant Mark Delmont's Motion for Summary Judgment (Filing No. 11) on or before July 1, 2009; and

3. Plaintiff shall respond to Defendant Randy Dale Davie's Motion for Summary Judgment (Filing No. 20) on or before July 13, 2009.

DATED this 24th day of June, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge